IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHARLES A. WILLIAMS        §
(No. 11061262),            §
                           §
        Plaintiff,         §
                           §
V.                         §            No. 3:14-cv-379-L-BN
                           §
CRAIG WATKINS, ET AL.,     §
                           §
        Defendants.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Charles A. Williams, proceeding *pro se*, brings this civil rights action alleging wrongdoing by a number of defendants in connection with is arrest and civil commitment for allegedly violating the rules of his halfway house. On January 31, 2014, Plaintiff tendered a complaint to the district clerk. *See* Dkt. No. 3. Plaintiff also filed an application to proceed *in forma pauperis* and an amended complaint. *See* Dkt. No. 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 6. The

Court sent written interrogatories to Plaintiff to obtain additional information about the factual basis of this suit. *See* Dkt. No. 7. Plaintiff answered the interrogatories on March 17, 2014. *See* Dkt. Nos. 9 & 10.

In his complaint and interrogatory responses, Plaintiff contends that he lived at a halfway house in Dallas, Texas in 2011 and was subject to the terms set by the Texas Department of State Health Services Counsel on Sex Offender Treatment and its employees, Wesley Griffin and Tiffany Mabank. He alleges that Griffin and Mabank violated his civil rights by imposing restrictions that resulted in his unlawful house arrest and denial of food and water from August 22, 2011 until August 26, 2011, that they were responsible for the denial of medical treatment for an arm injury from January 2011 to June 2011, and that they are responsible for a defective monitoring device, provided by Pro Tech Monitoring, that malfunctioned on April 30, 2011 and May 1, 2011. He further explains that he attended counseling at Act Counseling, where he was harassed and discriminated against by William K. Bruner, and that he was improperly discharged from his group therapy and reported by Bruner for violating the rules of his release. Based on the allegedly improper discharge from Act Counseling and the defective ankle monitor, Plaintiff was civilly committed on August 26, 2011.

Plaintiff also claims that his constitutional rights have been violated since his arrest and detention, urging that he has been denied a speedy trial, which District Attorney Craig Watkins has failed to remedy; that Prosecutor Robert Pfeiffer has withheld evidence and violated his Sixth Amendment rights; and that defense attorneys George E. Ashford, III and B. Ward Maedgen have provided ineffective

assistance of counsel. *See* Dkt. No. 9 at 11, 14.

The undersigned now concludes that Plaintiff's claims against Bruner, Griffin, Maybank, Act Counseling, and Pro Tech Monitoring are barred by the statute of limitations; that Plaintiff has failed to state a civil rights claim against Watkins, Ashford, Maedgen, or Pfeiffer; and that all claims challenging his arrest and imprisonment are barred by the *Younger* abstention doctrine. All of Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

### Legal Standards

The Court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

In Texas, a civil rights action brought under 42 U.S.C. § 1983 is governed by the two-year statute of limitations that applies to personal injury claims. *See Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir. 1990). The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements,* 832 F.2d 332, 334-35 (5th Cir. 1987). A court may summarily dismiss a complaint filed *in forma pauperis* if it is clear that claims asserted are barred by limitations. *See Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993).

## Analysis

<u>Claims Arising Prior to Arrest and Detention</u>

Plaintiff raises civil rights claims against Bruner, Griffin, Maybank, the Council on Sex Offender Treatment, Act Counseling, and Pro Tech Monitoring arising from wrongdoing that occurred between January 2011 and August 26, 2011. Whether or not the Court construes these defendants to be state actors for the purposes of Section 1983 or considers Plaintiff to raise personal injury claims under Texas law, all are subject to a two-year statute of limitations. Plaintiff's complaint and interrogatory responses make clear that Plaintiff has been aware of the alleged wrongdoing by these defendants since no later than August of 2011. Accordingly, Plaintiff's claims raised for the first time in January 2014 are time barred and should be summarily dismissed. *See Gartrell*, 981 F.2d at 256.

<u>Claims Against District Attorney Craig Watkins</u>

Plaintiff has failed to state a claim against District Attorney Craig Watkins. As a supervisory official, Watkins cannot be sued for civil rights violations unless he (1) affirmatively participated in acts that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not allege any personal involvement by Watkins and has not identified an official policy or custom that resulted in the denial of his constitutional rights. *See* Dkt. No. 9 at 10. Instead, Plaintiff seeks to hold Watkins responsible for his current detention, for alleged violations of his right to counsel and a speedy trial, and for ignoring his grievances. *See*

*id.* But Plaintiff does not allege that Watkins had a personal role in the constitutional violations that are alleged. *See id.* Watkins cannot be held responsible under Section 1983 for the constitutional violations of subordinates or for failing to take corrective action in response to grievances. *See Campbell v. Tyson*, No. 3:13-cv-1003-M-BN, 2013 WL 2094987, at *3 (N.D. Tex. Apr. 23, 2013) (citing *Mitchell v. Valdez,* No. 3:07-cv-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007)), *rec. adopted*, 2013 WL 2097363 (N.D. Tex. May 14, 2013).

<u>Claims Against Prosecutor and Defense Attorneys</u>

Plaintiff cannot sue his defense attorneys for civil rights violations. Public defenders and private attorneys are not "state actors" and generally cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."). All of Plaintiff's claims against Ashford and Maedgen arise from their conduct in representing Plaintiff in court proceedings. *See* Dkt. No. 9 at 11 & 14. Accordingly, these claims should be summarily dismissed.

Plaintiff has also failed to state a claim against the assistant district attorney prosecuting this case. Prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman,* 424 U.S. 409, 427 (1976). When

asked to set forth his claims against this defendant, Plaintiff stated that Pfeiffer has denied him assistance of counsel and is aware that the charging document is based on incorrect information. *See* Dkt. No. 9 at 12. These allegations challenge conduct taken within the scope of the prosecutor's professional duties. Accordingly, the prosecutor is protected by absolute immunity.

<u>Allegations of Wrongful Arrest and Unlawful Detention</u>

The Court initially observes that all of Plaintiff's claims for conduct occurring after August 2011 would interfere with his ongoing state proceedings. Under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (citing cases); *see also Younger v. Harris,* 401 U.S. 37, 43-45 (1971). Although Plaintiff's claims are not barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court may not consider Plaintiff's claims of wrongdoing in connection with his pending case until the charges are disposed of. *See Banks v. Gammon,* No. 3:08-cv-0474-K, 2008 WL 2404967, at *2 (N.D. Tex. June 9, 2008) (citing *Wallace v. Kato,* 549 U.S. 384, 393-94 (2007)). Plaintiff has established no justification for considering the merits of his claims at this time; instead, he or his attorney must resort to those remedies afforded by the state court in order to challenge the validity of the state proceedings and his continued detention.

**Recommendation**

Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 26, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE